JUDGE OETKEN

**14 CV 1551**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CELLOU SYLLA,

               Plaintiff.

       -against-

THE CITY OF NEW YORK and POLICE
OFFICER MICHAEL RALEIGH, POLICE
OFFICER KEVIN LUI, POLICE OFFICER
DAVID WHEELER, POLICE OFFICER
KRISTY ABBASIANO, LIEUTENANT
GEORGE MORALES, and
POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,
and HANNAH FORBES, Individually,

               Defendants.
-------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, CELLOU SYLLA, by and through his attorneys, **Fisher, Byrialsen & Kreizer**

**PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, Cellou Sylla, seeks relief for

defendants' violations, under color of state law, of his rights, privileges and immunities secured

by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution; and the Constitution and laws of the State of New York.

2. Defendants, the CITY OF NEW YORK and New York City Police Officers

MICHAEL RALEIGH POLICE OFFICER KEVIN LUI, POLICE OFFICER DAVID HEELER,

POLICE OFFICER KRISTY ABBASIANO, LIEUTENANT GEORGE MORALES and John

1

Does; individually and, as the case may be, in their official capacities, and HANNAH FORBES, individually, jointly and severally, did cause plaintiff Cellou Sylla to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, and malicious prosecution, causing him loss of liberty and physical and mental injury.

3. Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## TRIAL BY JURY

8. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

9. At all times relevant hereto Plaintiff was and is a resident of the Bronx, New York.

10. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

11. At all times relevant to this action, Defendants Police Officer MICHAEL RALEIGH, POLICE OFFICER KEVIN LUI, POLICE OFFICER DAVID WHEELER, POLICE OFFICER KRISTY ABBASIANO, LIEUTENANT GEORGE MORALES and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, the Defendant Officers, POLICE OFFICER MICHAEL RALEIGH, POLICE OFFICER KEVIN LUI, POLICE

3

OFFICER DAVID WHEELER, POLICE OFFICER KRISTY ABBASIANO, LIEUTENANT

GEORGE MORALES and Officers John Does were acting under color of statutes, ordinances,

regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as

employees, servants, and agents of the NYPD within the scope of employment and incidental to

their otherwise lawful duties and functions as employees, servants, agents and police officers.

13. NYC was responsible for the hiring, training, supervision, discipline, retention and

promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued

both in their individual and official capacities.

14. At all times relevant to this action, Defendant Hannah Forbes was a resident of

Duncan British Columbia, Canada, and with a United States residence in Los Angeles,

California.

## FACTS

15. On March 10, 2013 at about 4:00 a.m., Plaintiff Cellou Sylla was working his shift

driving a New York City taxicab.

16. At the time of and prior to his arrest Plaintiff had not engaged in any illegal or

suspicious activities.

17. At approximately 4:00 a.m. he picked up defendant Hannah Forbes at Lavo restaurant

and she provided plaintiff with her requested destination in the Bronx, NY.

18. Plaintiff drove defendant Forbes to the requested location.

19. When Plaintiff arrived at the location requested by defendant Forbes, defendant

Forbes advised that she wanted Plaintiff to drive her to a different address on the same block.

20. Plaintiff drove defendant Forbes to the second requested location.

21. When plaintiff arrived at defendant Forbes' second requested location, defendant Forbes again advised that this was not the location where she wanted to be dropped off.

22. Plaintiff advised defendant Forbes that he was at the end of his shift and to avoid being financially penalized, he would have to leave her at the location she requested. Plaintiff advised that she could find another taxi to bring her to any additional locations.

23. Defendant Forbes refused to pay the fare and insisted that plaintiff continue driving her.

24. Plaintiff advised defendant Forbes that he would be required to bring her to a police precinct if she continued to refuse to pay her fare.

25. Defendant Forbes continued to refuse to pay.

26. Plaintiff advised defendant Forbes that he would have to take her to an NYPD precinct, and he began driving to the NYPD precinct located on 102nd Street between 3rd Avenue and Lexington Avenue in New York, NY.

27. Defendant Forbes took off her high heel and began swinging it through the partition of the taxi to attempt to hit plaintiff.

28. Defendant Forbes then used her high heel to break the glass of the window, and while plaintiff was stopped at a stop sign, defendant Forbes jumped out the window of the taxi.

29. Defendant Forbes proceeded to run from plaintiff's taxi.

30. Plaintiff called 911 and reported the incident. He advised that his passenger refused to pay her fare, she jumped out the window, ran away and provided a description of Defendant Forbes.

31. Plaintiff was advised to wait at his present location for police officers to respond to the scene.

32. Approximately 20 minutes after plaintiff called 911, police officers arrived, spoke with plaintiff and then left to go look for Defendant Forbes.

33. An additional officer asked plaintiff for a description of defendant Forbes and then also left to search for her.

34. The first officers who had spoken with plaintiff returned to where plaintiff was waiting and asked him to come with them to where defendant Forbes was located.

35. The officers asked plaintiff to look at Defendant Forbes and advise if she was the passenger who had jumped from his taxi.

36. Plaintiff confirmed that she was the correct person.

37. The officers asked plaintiff what he wanted, and he replied that all he wanted was for defendant Forbes to pay her fare, pay for the broken window and then for everyone to go home.

38. The defendant officers then proceeded to arrest plaintiff and placed him in handcuffs.

39. The officers asked plaintiff to provide his license, and he advised that it was inside of his taxi that he had left parked on the street.

40. The officer did not permit plaintiff to retrieve his license from inside of his taxi.

41. While plaintiff was at the precinct, the officer advised plaintiff that he could call his company to pick up his taxi, because it had been brought to the precinct.

42. Plaintiff's partner picked up the taxi from the precinct.

43. Plaintiff remained at the precinct until approximately 12:00 p.m.

44. Plaintiff was then transported to Manhattan Central Booking, where he remained until approximately 1:00 a.m. the next day.

45. Plaintiff was arraigned on charges of Unlawful Imprisonment in the Second Degree in violation of P.L. § 135.05 and Unlicensed Driving in violation of VTL § 509(1), and was released on his own recognizance

46. The following day, plaintiff attempted to enter his medallion number so that he could work, however, the device reported that his medallion was "unauthorized."

47. Plaintiff later discovered that Taxi and Limousine Commission ("TLC") had suspended his TLC license because he was arrested in connection with the charges of Unlawful Imprisonment in the Second Degree in violation of P.L. § 135.05 and Unlicensed Driving in violation of VTL § 509(1).

48. Plaintiff's license remained suspended during the pendency of the criminal charges pertaining to his arrest on March 10, 2013.

49. Defendant Forbes appeared in a television broadcast on New York 1 and made false and defamatory statements regarding plaintiff.

50. Plaintiff's prosecution proceeded through trial, which resulted in an acquittal and dismissal of all charges on December 12, 2013.

51. As a result of plaintiff's suspended TLC license, he suffered approximately nine months of lost wages.

52. After plaintiff was acquitted of these criminal charges, he was able to restore his TLC license.

53. This action is commenced within one (1) year of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

54. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

55. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

56. All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of his person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

57. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

8

58.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

59.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

60.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

61.  By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

62.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

63.  As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendant officers in criminal proceedings, without any probable cause, privilege, or consent.

64.   As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

65.   All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

66.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67.   As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

68.   All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

69.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70.   By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his rights under the laws of

the State of New York and the United States Constitution and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

71. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

73. Defendants engaged in extreme and outrageous conduct beyond all possible bounds of decency when they arrested and imprisoned Plaintiff.

74. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff when they arrested and imprisoned him.

75. Defendants outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

76. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF:
## <u>MUNICIPAL LIABILITY</u>

77. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

78. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

79. Prior to March 10, 2013, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

80. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

81. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: arrest without probable cause, failure to investigate, assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

82. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

83. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

84. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

85. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

86. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

87. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

88. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

89. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

      a.      Not to be deprived of liberty without due process of law;

      b.      To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.      To be protected against violations of his civil and constitutional rights;

      d.      Not to have cruel and unusual punishment imposed upon him; and

      e.      To receive equal protection under the law.

## SEVENTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE
## UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983

90. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

91. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

92. The defendant officers were present on March 10, 2013 at in the vicinity of plaintiff's arrest and witnessed other officers, *inter alia*,

a. Search plaintiff without cause, and

b. Falsely arrest plaintiff

14

93. The search of plaintiff's person was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal search.

94. Defendants' violated plaintiff's constitutional rights by failing to intervene in the illegal search of plaintiff or his false arrest.

## EIGHTH CLAIM FOR RELIEF:
### INJURIOUS FALSEHOOD

95.  Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

96. Defendant Forbes uttered and published untrue statements regarding plaintiff to police officers and to New York 1 reporters.

97. Defendant Forbes' statements were made with malice comprising ill will, scienter and/or deliberate falsification regarding plaintiff's business.

98. Defendant Forbes' statements caused others to refrain from dealing with plaintiff inasmuch as plaintiff's TLC license was suspended as a result of this incident during the entire pendency of the criminal charges that resulted from this incident.

100. All of the aforementioned acts of the defendant Forbes constituted injurious falsehood under the law of the State of New York and the defendant is liable for said damage. Pursuant to 28 U.S.C. 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

15

## NINTH CLAIM FOR RELIEF:
### LIBEL

101. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102. Defendant Forbes caused the publication of statements about plaintiff that were false.

103. The false statements published by defendant Forbes were defamatory on their face, inasmuch as they accused plaintiff of crimes and other bad acts.

104. All of the aforementioned acts of the Defendant Forbes constituted libel per se under the law of the State of New York and the defendant is liable for said damage.  Pursuant to 28 U.S.C. 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## TENTH CLAIM FOR RELIEF:
### SLANDER

105. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

106. Defendant Forbes caused the publication of a defamatory matter to New York 1 about plaintiff, which was broadcast to the public and caused for the statements to be heard by the public.

107. Defendant Forbes caused the publication of a defamatory matter about plaintiff to the defendant police officers.

16

108. All of the aforementioned acts of defendant Forbes constituted slander under the law of the State of New York and the Defendant is liable for said damage. Pursuant to 28 U.S.C. 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## ELEVENTH CLAIM FOR RELIEF:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

110.     Plaintiff engaged in extreme and outrageous conduct beyond all possible bounds of decency by and through *inter alia* her false complaints regarding plaintiff to the NYPD and New York 1, which, as described above, she knew or should have known were untrue.

111.     Plaintiff's extreme and outrageous conduct was a departure from that which reasonably prudent persons would have done under the circumstances.

112.     As a proximate cause of defendant Forbes' extreme and outrageous conduct, plaintiff was caused to suffer anxiety and mental anguish and was caused to fear for his own safety.

113.     All of the aforementioned acts of the defendant constituted negligent infliction of emotional distress under the laws of the State of New York and the defendant Forbes is liable for said damage. Pursuant to 28 U.S.C. 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## TWELFTH CLAIM FOR RELIEF:
## NEGLIGENCE

114.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

115.     Defendant Forbes owed a duty to plaintiff in interacting and/or not interacting with him and/or treating him in a manner using that degree of ordinary care that reasonably prudent people would have used under the same circumstances.

116.     Defendant Forbes breached that duty of ordinary care to plaintiff by *inter alia* her false complaints regarding plaintiff to the NYPD and to New York 1, which, as described above, she knew or should have known were untrue.

117.     As a direct and proximate result of the carelessness, recklessness and/or negligence of defendant Forbes, plaintiff sustained significant damages.

118.     All of the aforementioned acts of defendant Forbes constituted negligence under laws of the State of New York and defendant is liable for said damage. Pursuant to 28 U.S.C. 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRTEENTH CLAIM FOR RELIEF:
## PRIMA FACIE TORT

119.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

120.     Defendant Forbes, by and through the filing of her false complaint to the NYPD and publication of statements to New York 1, which contained multiple untrue statements including but not limited to the allegation that plaintiff unlawfully imprisoned her; and also subjecting plaintiff to prosecution unnecessarily and without justification intended to inflict harm upon plaintiff.

121.     Said actions, which are otherwise unlawful, were/are solely motivated by malice

or disinterested malevolence, were/are without excuse or justification and have caused special

damages to the plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly

and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION DOLLARS

($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00)

DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:      New York, New York
            March 6, 2014


                                    Respectfully submitted,


                                    DAVID KREIZER
                                    FISHER, BYRIALSEN & KREIZER PLLC
                                    *Attorney for Plaintiff*
                                    291 Broadway, Suite 709
                                    New York, New York 10007
                                    (212) 962-0848